## 56461. COOPER v. CITY OF ATLANTA POLICEMEN'S PENSION FUND.

BIRDSONG, Judge.

Ms. Cooper, the appellant, served upon the City of Atlanta Policemen's Pension Fund, the appellee, a summons of garnishment. Appellee answered the summons, stating that the funds sought by appellant were exempt from garnishment, and appellant traversed the appellee's answer. The trial court granted summary judgment in favor of appellee, and this appeal was brought. *Held:*

1. The uncontroverted facts show that the monies sought to be garnished by the appellant were held by the appellee pursuant to a policemen's pension plan. It is also undisputed that the defendant judgment/debtor was at the time of the garnishment action no longer a policeman paying monies to appellee and was ineligible for pension benefits from appellee.

2. Code Ann. § 46-302 provides: "Except as otherwise provided by law, pensions paid by former employers to retired employees shall be exempt from the process of garnishment. . ." Whether the statute exempts from garnishment all pension funds, regardless of their source or intended recipients, or only such specific sums as are payable to individual pensioners whose pension rights have vested, is unclear. However, an unmistakable expression of legislative intent, in this regard, is contained in Ga. L. 1927, p. 268, Sec. 9, which provides for

pension benefits for municipal employees: ". . .none of the *funds* herein provided for shall be subject to attachment, garnishment, or judgment, nor shall they be assigned, but shall be paid to pensioner only or on his order." (Emphasis supplied.) This restriction on garnishment appears again in a later legislative expression establishing a policemen's pension fund, Ga. L. 1933, p. 213, Sec. 17: "Be it further enacted, that none of the *funds* herein mentioned shall be subject to the process of garnishment, attachment, judgment or other legal process, nor shall any of the funds to be paid or disbursed under the provisions of this Act be assignable, but that the same shall be paid in cash to the beneficiary entitled thereto, if requested by him or her." (Emphasis supplied.)

The above-quoted general laws are clear in their intent to exempt from garnishment all pension funds for policemen and municipal employees, irrespective of their source or intended beneficiaries; i.e., it is the funds, rather than the individual pension payments, that are exempt from garnishment. Accordingly, the trial court did not err in granting summary judgment in favor of the appellee.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

*England & Weller, William Marshall Weller,* for appellant.

*Ferrin Y. Mathews, Henry M. Murff,* for appellee.